

**Peter D. Raymond**
Direct Phone:  +1 212 549 0364
Email:  praymond@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 28, 2016

**Via ECF**

Honorable Paul G. Gardephe
United States District Court
for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:  *Anna Wurtzburger v. Kentucky Fried Chicken*, 16-cv-08186

Dear Judge Gardephe:

    We represent Defendant Kentucky Fried Chicken Corporation[1] ("KFC") in the above-referenced action and write, pursuant to Your Honor's Individual Rules of Practice, to request a pre-motion conference for leave to file a motion to dismiss Plaintiff Anna Wurtzburger's Complaint ("Compl.") pursuant to Fed. R. Civ. P. 12(b)(6).  As explained below, Plaintiff's barebones Complaint is entirely conclusory and fails to plead facts establishing a claim for relief.

**I.  Introduction**

    KFC is the world's most popular chicken restaurant chain with over 20,000 outlets in 125 countries and territories around the world.  Plaintiff is an individual residing in Hopewell Junction, New York.

    Plaintiff alleges that, in July 2016, she "purchased an eight-piece bucket of chicken" for twenty dollars ($20.00) from a KFC outlet (the "Purchase").  Compl. ¶¶ 3-7.  Plaintiff further alleges "[t]hat upon information and belief, [KFC] delivered to [P]laintiff merchandise which was misleading and constituted a deceptive trade practice in that the advertisement on television showed a bucket overflowing with chicken and when [P]laintiff received the bucket of chicken there were only eight pieces of chicken in it." *Id.* ¶ 8.  After the purchase, Plaintiff allegedly spoke with a KFC representative in Georgia who explained that the chicken was shown in the commercial so that viewers could see the chicken.  *Id.* ¶ 10.

    Notably, Plaintiff does ***not*** allege (i) whether or when she saw the commercial referenced in the Complaint; (ii) what specific commercial she saw; (iii) what KFC product was advertised in the commercial; (iv) whether she relied on the commercial in making the Purchase; (v) how she was injured by the allegedly false or misleading commercial; or (vi) that the Purchase occurred in New York.

---

[1] Defendant was incorrectly referred to in the caption as Kentucky Fried Chicken.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ PARIS
PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Honorable Paul G. Gardephe
October 28, 2016
Page 2

ReedSmith

On the basis of the above allegations, and nothing more, Plaintiff alleges that KFC's "conduct constitutes a violation of the applicable sections of the general business law of the State of New York pertaining to false advertising and misleading trade practices." *Id.* ¶ 9. Without any explanation or detail, Plaintiff alleges that she "has suffered damages in the sum of Twenty Million . . . Dollars." *Id.* ¶ 16.

## II. Rule 12(b)(6) Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 555-70 (2007). Plaintiff must establish the elements of each claim through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. "[A] sheer possibility that a defendant has acted unlawfully" is insufficient as a matter of law to state a claim; instead, Plaintiff must plead facts that "show" an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Similarly, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are not sufficient to withstand a motion to dismiss. *Id.* As explained below, Plaintiff's allegations fail to meet even this minimal standard.

## III. Plaintiff Fails to Plausibly Allege that KFC Violated Sections 349 and 350 of the New York General Business Law[2]

Section 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state are hereby declared unlawful." Section 350 provides that "[f]alse advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful."

"A plaintiff under Section 349 must [allege] three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). Moreover, "the transaction in which the consumer is deceived must occur in New York." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 (2002). "A claim of false advertising under Section 350 must meet all of the same elements as a claim under Section 349, and the plaintiff must further demonstrate proof of actual reliance." *Tomasino v. Estee Lauder Cos., Inc.*, 44 F. Supp. 3d 251, 257 (E.D.N.Y. 2014). "It is well settled that the factual allegations comprising a Section 349 claims cannot be conclusory, nor can they be grounded solely on 'information and belief.'" *Haag v. Hyundai Motor Am.*, 969 F. Supp. 2d 313, 315 (W.D.N.Y. 2013); *accord Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 100 (S.D.N.Y. 1997) ("In pleading a claim under [Section 349], a [p]laintiff is required to set forth specific details regarding the allegedly deceptive acts or practices."). Plaintiff fails to plausibly allege a claim under Sections 349 and 350, as set forth below.

---

[2] Although the Complaint does not specify the specific statutes pursuant to which Plaintiff asserts her claims, KFC presumes that the relevant statutes are Sections 349 and 350 of the New York General Business Law, which relate to deceptive trade practices and false advertising, respectively. For ease of reference, KFC will refer to these statutes as "Section 349" and "Section 350."

**First,** Plaintiff fails to plausibly allege that KFC engaged in a deceptive practice. Paragraph 8 of the Complaint attempts to describe the allegedly deceptive commercial, but that paragraph, which is alleged "upon information and belief," lacks the specificity and factual support required by *Twombly* and *Iqbal* because it does not specify the commercial in question, the product advertised in the commercial, or the allegedly deceptive statement in the commercial. As such, the Complaint does not allege how the commercial was misleading vis-à-vis the Purchase. In fact, Plaintiff alleges that she purchased an eight-piece bucket of chicken from KFC and received an eight-piece bucket of chicken pursuant to the "terms and conditions therein." Compl. ¶¶ 3-4. "[T]he plausibility of the scheme is crucial to pleading a cause of action under [Section 349], and when the most significant contentions are made on 'information and belief' plaintiffs will fail to set forth a cause of action under [Section 349]." *Woods v. Maytag Co.*, No. 10-CV-0559, 2010 WL 4314313, at *15 (E.D.N.Y. Nov. 2, 2010) (granting motion to dismiss Section 349 claim where the plaintiff did "not provide[] enough factual information" to allege a deceptive practice); *accord Weaver*, 172 F.R.D. 96, 100 (S.D.N.Y. 1997) ("Because [the p]laintiff's allegations are founded upon information and belief and lack specificity, [the p]laintiff has failed to plead adequately a claim under [Section 349]."); *Dixon v. Ford Motor Co.*, No. 14-CV-6135, 2015 WL 6437612, at *8 (E.D.N.Y. Sept. 30, 2015) ("[T]he complaint never identifies the specific advertisements or statements at issue. That alone is reason to dismiss plaintiff's . . . claims.").

**Second,** Plaintiff fails to plausibly allege that the allegedly deceptive commercial caused her alleged injury. As explained above, Plaintiff's conclusory allegation that "she was injured as a result of the deceptive act or practice" is insufficient to support a claim under Sections 349 and 350. Further, Plaintiff does not even allege that she saw the commercial in question, let alone that she saw it before making the Purchase. As such, Plaintiff fails to allege a causal link between the commercial and the Purchase. Under these circumstances, courts have repeatedly dismissed claims brought pursuant to Sections 349 and 350. *See, e.g., In re MI Windows and Doors, Inc. Prods. Liability Litig.*, MDL No. 2333, 2013 WL 1363845, at *3 (D.S.C. Apr. 3, 2013) ("[T]he first amended complaint fails to allege that Hildebrand ever saw or heard a deceptive advertisement, act, or practice related to MWID's windows. MIWD's allegedly deceptive business practices and advertising could not have caused Hildebrand's injuries if Hildebrand was unaware of the false advertisements, statements or actions.").

**Third,** Plaintiff fails to allege that she relied on any KFC commercial when she made the Purchase, which forecloses her claim under Section 350. *See Gale v. Int'l Bus. Mach. Corp.*, 9 A.D.3d 446, 447 (2d Dep't 2004) ("Dismissal of the plaintiff's claims under General Business Law § 350 . . . was also proper, since the plaintiff failed to allege that he relied on the statements or any advertisement at the time of his purchase."); *McGill v. Gen. Motors Corp.*, 231 A.D.2d 449, 450 (1st Dep't 1996) (granting motion to dismiss Section 350 claim because "there is no showing that any plaintiff relied upon or even knew about GM's allegedly false advertisements when the cars were purchased").

**Finally,** Plaintiff fails to state a claim for violation of Sections 349 and 350 because she does not allege that the Purchase occurred in New York. *See Goshen*, 98 N.Y.2d at 3262 (granting motion to dismiss Section 349 claims where certain plaintiffs failed to allege that the relevant transaction occurred in New York).

For all of these reasons, KFC respectfully requests a pre-motion conference where it will seek leave to file a motion to dismiss. We thank the Court for its attention to this matter.

Honorable Paul G. Gardephe
October 28, 2016
Page 4



    Plaintiff's counsel, Pamela Gabiger, has advised me that she does not consent to the relief sought on this motion.

Respectfully submitted,

Peter D. Raymond

PDR:dc

cc: Pamela Gabiger, Esq. (via Facsimile: 845 471-2249)