**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Civ. No. 1:16-cv-08186

ANNA WURTZBURGER,

                      **Plaintiff,**

   **vs.**

KENTUCKY FRIED CHICKEN,

                      **Defendant.**

## MEMORANDUM OF LAW OF DEFENDANT KFC CORPORATION
## IN SUPPORT OF MOTION TO DISMISS

**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Defendant*
*KFC Corporation*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................1

PROCEDURAL HISTORY................................................................................................3

FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT ...............................5

    A.  Plaintiff Purchases a Chicken Meal From KFC............................................5

    B.  The KFC Advertisements and the Bucket of Chicken....................................5

    C.  The Amended Complaint's Description of the Chicken Industry .................7

    D.  Plaintiff's Alleged Personal Injuries............................................................7

    E.  Plaintiff's Claims .........................................................................................8

LEGAL STANDARD.......................................................................................................8

ARGUMENT ...................................................................................................................9

POINT I:   PLAINTIFF FAILS TO ALLEGE A SECTION 349 OR 350 CLAIM BASED
           UPON KFC'S ADVERTISEMENTS OR THE SLACK-FILL REGULATION
           (FIRST AND SECOND CAUSES OF ACTION)........................................9

    A.  Plaintiff Fails to Allege That the June 2016 Commercial Caused Her Injury or
          That It Was Deceptive .....................................................................10

    B.  Plaintiff Fails to Allege That the August 2016 Commercial Caused Her Injury
          or That It Was Deceptive ................................................................13

    C.  Plaintiff Fails to Allege That the In-Store Advertisement Caused Her Injury or
          That It Was Deceptive .....................................................................15

    D.  Plaintiff Fails to Allege That the Bucket of Chicken Contained Nonfunctional
          Slack Fill That Caused Her Injury ...................................................17

POINT II:  PLAINTIFF OTHERWISE FAILS TO STATE A COGNIZABLE SECTION
           349 OR 350 CLAIM  (THIRD CAUSE OF ACTION)............................20

CONCLUSION................................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................................9

*Bautista v. CytoSport, Inc.,*
    No. 15-CV-9081, 2016 WL 7192109 (S.D.N.Y. Dec. 12, 2016) .....................................17, 19

*Bell Atl. Corp. v. Twombly,*
    50 U.S. 544 (2007)...................................................................................................8, 9

*Bush v. Mondelez Int'l, Inc.,*
    No. 16-cv-02460, 2016 WL 5886886 (N.D. Cal. Oct. 7, 2016) ............................................19

*Carias v. Monsanto Co.,*
    No. 15-CV-3677, 2016 WL 6803780 (E.D.N.Y. Sept. 30, 2016) .........................................11

*Del Real, LLC v. Harris,*
    966 F. Supp. 2d 1047 (E.D. Cal. 2013).....................................................................18

*Gale v. Int'l Bus. Machs. Corp.,*
    9 A.D.3d 446 (2d Dep't 2004).............................................................................14, 16

*Haag v. Hyundai Motor Am.,*
    969 F. Supp. 2d 313 (W.D.N.Y. 2013) ..................................................................9-10

*Izquierdo v. Mondelez Int'l, Inc.,*
    No. 16-cv-04697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)....................................*passim*

*In re McCormick & Co., Inc., Pepper Prods. Mktg. and Sales Practices Litig.,*
    No. 15-1825, 2016 WL 6078250 (D.D.C. Oct. 17, 2016) ........................................................18

*In re MI Windows and Doors, Inc. Prods. Liability Litig.,*
    MDL No. 2333, 2013 WL 1363845 (D.S.C. Apr. 3, 2013)...........................................14, 16

*Miller v. Wells Fargo Bank, N.A.,*
    994 F. Supp. 2d 542 (S.D.N.Y. 2014)..................................................... 11-12, 14, 16

*Pelman ex rel. Pelman v. McDonald's Corp.,*
    452 F. Supp. 2d 320 (S.D.N.Y. 2006)...........................................................................11

*In re Sling Media Slingbox Advert. Litig.,*
    No. 15-cv-05388, 2016 WL 4401208 (S.D.N.Y. Aug. 12, 2016)......................................12, 21

*Small v. Lorillard Tobacco Co.*,
94 N.Y.2d 43 (1999) ................................................................................................ *passim*

*Stutman v. Chem. Bank*,
95 N.Y.2d 24 (2000) ...........................................................................................9, 17

*Tomasino v. Estee Lauder Cos.*,
44 F. Supp. 3d 251 (E.D.N.Y. 2014) .............................................................9, 12, 21

*Waldman v. New Chapter, Inc.*,
714 F. Supp. 2d 398 (E.D.N.Y. 2010) ..................................................................18

*Weaver v. Chrysler Corp.*,
172 F.R.D. 96 (S.D.N.Y. 1997) ..............................................................10, 15, 17

*Woods v. Maytag Co.*,
No. 10-CV-0559, 2010 WL 4314313 (E.D.N.Y. Nov. 2, 2010)..................10, 15, 17

**Rules**

Fed. R. Civ. P. 12(b)(6) .........................................................................................1, 8

**Regulations**

21 C.F.R. § 100.100 ....................................................................................1, 2, 6, 8, 17

Defendant KFC Corporation[1] ("KFC") respectfully submits this Memorandum of Law, along with the accompanying Declaration of Peter D. Raymond dated March 21, 2016 ("Raymond Decl."), in support of its motion to dismiss the Amended Complaint ("Am. Compl.") of plaintiff Anna Wurtzburger ("Plaintiff") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

In this action, Plaintiff seeks $20,000,000 in damages arising from her July 2016 purchase of a meal containing an "eight piece bucket of chicken" and "mashed potatoes, gravy[,] and cole slaw" for twenty dollars ($20.00) from a KFC outlet. Plaintiff claims that, as a result of certain allegedly deceptive business practices and/or false advertising by KFC, she suffered personal injuries after eating the chicken. Plaintiff offers two entirely meritless theories in support of her claims, which are asserted pursuant to Sections 349 and 350 of New York's General Business Law.

Plaintiff first claims (First and Second Causes of Action)[2] that she was misled by three KFC advertisements – (i) a television commercial that aired in June 2016; (ii) a television commercial that aired in August 2016; and (iii) an in-store advertisement at the KFC outlet – and that the bucket of chicken itself was misleading because it contained nonfunctional slack-fill, in violation of 21 C.F.R. § 100.100.[3] Plaintiff alleges that the advertisements and the bucket of chicken itself led her to believe that she would receive more chicken than she actually received. The only damages she alleges are personal injuries which she claims to have suffered from

---

[1] Defendant was incorrectly referred to in the caption as Kentucky Fried Chicken.

[2] The Amended Complaint's "First Cause of Action" purports to assert putative class allegations but otherwise consists of the same allegations as the Second Cause of Action. KFC will not address the class allegations in this motion but reserves all of its rights in connection with same.

[3] "Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein." 21 C.F.R. § 100.100.

ingesting the chicken meal referenced in these advertisements and certain pot pies which are not

referenced in any of these advertisements. As detailed in Point I below, the Court should dismiss

the First and Second Causes of Action for the following reasons:

- Plaintiff fails to allege that she suffered an injury as a result of a deceptive act and/or false advertisement. First, Plaintiff's alleged personal injuries have no connection to the alleged deception – namely, that Plaintiff was led to believe that she would receive more chicken than she actually received. Second, to the extent that Plaintiff alleges that she was injured because she would not have purchased the chicken absent KFC's allegedly misleading practices, the New York Court of Appeals has explicitly rejected this argument. Third, with respect to the August 2016 commercial and the in-store advertisement, Plaintiff fails to allege that these advertisements caused her injury because she does not allege that she saw either advertisement prior to her purchase.

- Plaintiff's allegations concerning the June 2016 commercial lack any explanation whatsoever of how this commercial was deceptive or misleading.

- Plaintiff's allegations concerning the August 2016 commercial lack the requisite specificity and factual detail to survive a motion to dismiss because they are made "upon information and belief" and do not specify the KFC product advertised in the commercial or that Plaintiff purchased that particular product. Moreover, although Plaintiff complains that "when [she] received the bucket of chicken there were only eight pieces of chicken in it," she admits that she received exactly what she paid for: an "eight piece bucket of chicken . . . pursuant to the terms and conditions therein."

- Plaintiff fails to adequately allege that the in-store advertisement was misleading because she does not specify the product being advertised or that Plaintiff purchased that particular product. In addition, because Plaintiff fails to allege what the quoted language ("fill up") in the advertisement refers to, she fails to explain how it was deceptive.

- Plaintiff fails to adequately allege that the bucket contained nonfunctional slack-fill in violation of 21 C.F.R. § 100.100 because (i) poultry products are exempt from this regulation; (ii) Plaintiff fails to allege that she could not see the contents of the bucket; and (ii) Plaintiff fails to allege that the alleged slack-fill was nonfunctional.

In her last claim (Third Cause of Action), Plaintiff asserts – in the midst of a series of

bizarre, seemingly random allegations about unspecified "chicken farmers," "chicken

business[es]," and "chicken truck[s]" – that KFC "pumps steroids into baby chickens" and

allegedly sells them to the public.  As detailed in Point II below, these allegations fail to state a Section 349 or 350 claim because Plaintiff provides **no explanation whatsoever** for how she was deceived or misled by KFC as to the contents or ingredients of the chicken that she purchased.

For all of these reasons, and as explained in more detail below, the Amended Complaint should be dismissed in its entirety with prejudice.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Summons and Complaint on September 29, 2016 in the Supreme Court of the State of New York, County of Dutchess.  Raymond Decl., Ex. 1.  On October 19, 2016, KFC removed this case to the Southern District of New York.  *See* ECF No. 1.  The case was originally assigned to Judge Paul G. Gardephe.  On October 26, 2016, KFC filed a letter, in accordance with Judge Gardephe's Individual Rules, requesting a pre-motion conference at which KFC would seek leave to file a motion to dismiss.  ECF No. 5.  The letter detailed the many fatal deficiencies in Plaintiff's original Complaint, including, *inter alia*, that Plaintiff failed to plausibly allege that: (i) KFC engaged in a deceptive practice; (ii) a deceptive practice caused her injury; and (iii) she relied on any deceptive practice by KFC.  *Id.*

On November 21, 2016, this case was reassigned to Judge Román before Judge Gardephe had taken any action in response to KFC's pre-motion letter.

Rather than respond to KFC's pre-motion letter, on November 19, 2016, Plaintiff served a "First Amended Complaint" on KFC by facsimile.  Raymond Decl., Ex. 2.  Plaintiff's counsel did not file this document with the Court because, as Plaintiff's counsel explained to KFC's counsel, she "d[id] not do electronic filing."  ECF No. 6.

KFC's counsel accepted service of the "First Amended Complaint."  However, because the "First Amended Complaint" failed to fix the deficiencies in the original Complaint, on December 1, 2016, KFC filed a second pre-motion letter before this Court  requesting a pre-

motion conference at which KFC would seek leave to file a motion to dismiss the "First Amended Complaint." *Id.* In response to the letter, this Court scheduled a pre-motion conference on January 18, 2017. ECF Nos. 7, 8.

Rather than respond to KFC's second pre-motion letter, on December 29, 2016, Plaintiff's counsel served a "Second Amended Complaint" on KFC by facsimile. Raymond Decl., Ex. 3. Plaintiff's counsel failed to request either KFC's or the Court's consent to file a second amended complaint, as required by Federal Rule of Civil Procedure 15(a)(2). Plaintiff's counsel also failed to file the "Second Amended Complaint" with the Court.[4] Accordingly, the "Second Amended Complaint" was a nullity.

The pre-motion conference was held on January 18, 2017. At the conference, KFC's counsel informed the Court that Plaintiff had improperly served a "Second Amended Complaint" on KFC's counsel and advised the Court of various deficiencies in this third complaint. These included that the "Second Amended Complaint" alleged – for the first time – that the damages allegedly suffered by Plaintiff as a result of KFC's alleged deceptive practices were personal injuries. KFC's counsel also advised the Court that the "Second Amended Complaint" failed to allege any causal relationship between the purported personal injuries suffered and the alleged false advertising or deceptive trade practices by KFC.

After a discussion of the various problems with the three versions of the complaint served by Plaintiff, the Court decided to give Plaintiff one more chance to state its claims and granted Plaintiff leave to serve and file a ***third*** amended complaint by February 21, 2017. The Court also set a briefing schedule in the event that KFC chose to file a motion to dismiss. Minute Entry, Jan. 18, 2017.

Having previously filed three versions of a complaint, and with the benefit of two pre-

---

[4] Plaintiff's counsel purported to file this new pleading by faxing it to the Court on December 30, 2017.

motion letters describing the deficiencies in her claims and the discussion on the record at the pre-motion conference of other problems with the complaints, Plaintiff filed the misleadingly titled "Amended Complaint" on February 15, 2017. Raymond Decl., Ex. 4; ECF No. 9.

Notably, Plaintiff's counsel failed to sign the Amended Complaint and, notwithstanding the Court's February 16, 2017 order that Plaintiff must re-file the Amended Complaint with a signature, Plaintiff has still failed to file a signed version of the Amended Complaint.

## FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT

The fourth version of a complaint served by Plaintiff, entitled "Amended Complaint," makes the following allegations in support of Plaintiff's claims against KFC.

### A. Plaintiff Purchases a Chicken Meal From KFC

Plaintiff is an individual residing in Hopewell Junction, New York. Am. Compl. ¶ 33. In July 2016, Plaintiff allegedly "purchased an eight-piece bucket of chicken" along with "mashed potatoes, gravy[,] and cole slaw" for twenty dollars ($20.00) from a KFC outlet in Hopewell Junction, New York, "pursuant to the terms and conditions therein" (the "Purchase"). *Id.* ¶¶ 3-8, 35-40.

### B. The KFC Advertisements and the Bucket of Chicken

Plaintiff alleges that three allegedly deceptive KFC advertisements induced her into making the Purchase, led her to believe that she would receive more chicken than she actually received, and allegedly caused her certain personal injuries.[5] *See* Am. Compl. ¶¶ 8-16, 40-42, 45-48.

**First,** in June 2016, KFC broadcast a television commercial that "featured George Hamilton portraying Colonel Sanders on a tropical island" (the "June 2016 Commercial"). *Id.* ¶¶

---

[5] Plaintiff also alleges that, "[o]nce per week in June, 2016, July, 2016, and August, 2016 she went to [KFC] and purchased a pot pie . . . which made her sick." Am. Compl. ¶¶ 12, 44, 72. However, Plaintiff does not allege that KFC engaged in any deceptive trade practices or false advertising in connection with her pot pie purchases.

9, 41. The commercial was set on a tropical island and advertised "a $20.00 fill-up bucket of extra crispy chicken" with mashed potatoes, gravy, cole slaw, and biscuits. *Id.* Plaintiff makes no other allegations about the content of the commercial. Plaintiff saw the June 2016 commercial prior to the Purchase. *Id.* ¶¶ 10, 42.

**Second,** in August 2016, after the Purchase, KFC broadcast an unspecified television commercial which advertised an unspecified bucket of chicken for an unspecified price (the "August 2016 Commercial"). *Id.* ¶¶ 8, 40. The commercial allegedly "showed a bucket overflowing with chicken." *Id.* The commercial also allegedly stated that "the [unspecified] meal could feed your whole family." *Id.*

**Third,** an advertisement in or outside the KFC outlet in Hopewell Junction, New York, advertised an unspecified product for $20.00 (the "In-Store Advertisement"). *Id.* ¶¶ 13, 45. The words "fill up" appeared somewhere on the advertisement. *Id.* Plaintiff does not allege that she saw the In-Store Advertisement, before the Purchase or otherwise. *See id.* ¶¶ 13-16, 45-48.

Plaintiff also alleges that the bucket of chicken that she purchased was "under-filled" in violation of 21 C.F.R. § 100.100 (the "Slack-Fill Regulation"). *Id.* ¶¶ 16, 20, 48, 52.

At some point after the Purchase, Plaintiff allegedly spoke with a KFC representative in Georgia regarding an unspecified KFC television commercial advertising an unspecified product. *Id.* ¶¶ 21, 53. The KFC representative informed Plaintiff that KFC displayed chicken in its commercial in a manner that allowed viewers to see the chicken. *Id.*

Plaintiff makes no allegation in the Amended Complaint that the three advertisements (or any other communication to consumers) make any representation regarding the ingredients of the chicken or the manner in which KFC acquires or treats its chicken.

## C. The Amended Complaint's Description of the Chicken Industry

Without providing any explanation, context, or factual support, the Amended Complaint goes on to assert a series of random claims about, and characterizations of, the chicken industry and how chickens are raised. *Id.* ¶¶ 64-71. These allegations are set forth below in the order in which they appear in the Amended Complaint.

- KFC purchases "undersized" chickens and "pumps steroids into baby chickens," causing them to grow in six to eight days rather than six to eight weeks. *Id.* ¶ 64.

- Chicken bones are "discolored" and "frail like a winglet." *Id.* ¶ 65.

- Steroids injected into chickens are making children "mature outwardly." *Id.* ¶ 66.

- "Years ago," KFC's chicken was at least thirty to forty percent larger than it is now. *Id.* ¶ 67.

- "If a chicken dies in the steroid process, chicken farmers sell the deceased [chicken,] which [is] ground up for feed." *Id.* ¶ 69.

- When a "chicken business" closes down, "the soil around the facility is considered toxic and has to be dug up by hazardous waste companies." *Id.* ¶ 70.

- "[P]ulling up beside a chicken truck years ago, feathers would be flying, chickens jumping around in their cages." *Id.* ¶ 71. Now, "they are dead looking, like zombies, almost lifeless." *Id.*

## D. Plaintiff's Alleged Personal Injuries

Although neither the original Complaint nor the "First Amended Complaint" served on KFC's counsel by facsimile on November 19, 2016 contained allegations of personal injury, the Amended Complaint alleges that the only damage suffered by Plaintiff are personal injuries allegedly resulting from KFC's allegedly deceptive practices and false advertising. According to Plaintiff, "every time" she ate chicken at KFC, she had stomach pain and acid reflux, and "her gall bladder was removed." *Id.* ¶¶ 44, 72. Notwithstanding, she purchased and ate a pot pie from KFC once per week in June, July, and August 2016. *Id.* Plaintiff does not allege that any

of the three advertisements at issue contain any reference to health, safety, or the ingredients of KFC's chicken.

### E.     Plaintiff's Claims

Based on the foregoing allegations, the Amended Complaint purports to assert three causes of action, each of which alleges only a violation of Sections 349 and 350 of New York's General Business Law ("<u>Section 349</u>" and "<u>Section 350</u>").  Two of Plaintiff's claims (First and Second Causes of Action) are premised on the June 2016 Commercial, the August 2016 Commercial, and the In-Store Advertisement, and also assert that KFC violated the Slack-Fill Regulation, which prohibits nonfunctional slack-fill.  Plaintiff's third claim (Third Cause of Action), which is also a claim of deceptive practices and false advertising, is premised on the three advertisements and on Plaintiff's additional allegations concerning the chicken industry and KFC's alleged practice of injecting steroids into its chickens.  However, as noted above, plaintiff makes no allegation that the three advertisements make any representation regarding the chicken industry or the health or safety involved in eating chicken.

All of Plaintiff's claims fail to state a claim upon which relief can be granted, as explained below.  Therefore, Plaintiff's claims should be dismissed with prejudice since she has had ***four opportunities*** to state a claim and has failed each time.

## <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 555-70 (2007).  A plaintiff must establish the elements of each claim through factual allegations sufficient "to raise a right to relief above the speculative level."  *Id.* at 555.  "[A] sheer possibility that a defendant has acted unlawfully" is insufficient as a matter of law to state a claim; instead, a plaintiff must plead facts that "show" an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  A plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are insufficient to withstand a motion to dismiss.  *Id.*; *accord Twombly*, 50 U.S. at 555 ("[L]abels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").  Applying this standard, Plaintiff's claims should be dismissed with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO ALLEGE A SECTION 349 OR 350 CLAIM BASED UPON KFC'S ADVERTISEMENTS OR THE SLACK-FILL REGULATION (FIRST AND SECOND CAUSES OF ACTION)

Section 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in [New York State] are hereby declared unlawful."  Section 350 provides that "[f]alse advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in [New York State] is hereby declared unlawful."

"A plaintiff under Section 349 must [allege] three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act."  *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000).  "A claim of false advertising under Section 350 must meet all of the same elements as a claim under Section 349, and the plaintiff must further demonstrate proof of actual reliance."  *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 257 (E.D.N.Y. 2014).  "[I]t is well settled that the factual allegations comprising a Section 349 claim cannot be conclusory, nor can they be grounded solely on 'information and belief.'"  *Haag v. Hyundai Motor Am.*, 969 F. Supp. 2d 313, 315 (W.D.N.Y. 2013); *accord Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 100

(S.D.N.Y. 1997). Instead, "[i]n pleading a claim under [Section 349], a [p]laintiff is required to set forth specific details regarding the allegedly deceptive acts or practices." *Weaver*, 172 F.R.D. at 100; *accord Woods v. Maytag Co.*, No. 10-CV-0559, 2010 WL 4314313, at *16 (E.D.N.Y. Nov. 2, 2010) ("Courts routinely dismissing claims under GBL § 349 where the allegations are insufficiently specific to establish a deceptive practice.").

In support of her First and Second Causes of Action, Plaintiff alleges that (i) the June 2016 Commercial, the August 2016 Commercial, and the In-Store Advertisement were deceptive or misleading, and that the bucket of chicken contained nonfunctional slack fill, in violation of the Slack-Fill Regulation; and (ii) as a result of these allegedly deceptive practices, she was injured in that she had acid reflux, stomach pain, and her gall bladder was removed. Am. Compl. ¶¶ 8-16, 40-42, 44-48.[6] As explained below, Plaintiff fails to allege a cognizable injury, or that any of the advertisements or the alleged slack fill in the bucket of chicken constitute a deceptive practice or false advertisement.

**A.    Plaintiff Fails to Allege That the June 2016 Commercial Caused Her Injury or That It Was Deceptive**

With respect to the June 2016 Commercial, Plaintiff alleges that the "TV commercial . . . featured George Hamilton portraying Colonel Sanders on a tropical island advertising . . . a $20.00 fill-up bucket of extra crispy chicken with mashed potatoes and gravy, cole slaw and biscuits." Am. Compl. ¶¶ 9, 41. Based on this allegation, ***and nothing more***, Plaintiff alleges that the June 2016 Commercial constituted a deceptive practice and/or false advertisement.

---

[6] Plaintiff also alleges that, "[o]nce per week in June[] 2016, July[] 2016[,] and August[] 2016[,] [Plaintiff] went to [KFC] and purchased a pot pie from defendant which made her sick." Am. Compl. ¶¶ 12, 44. However, Plaintiff fails to allege that KFC engaged in a deceptive practice with respect to the pot pie. Indeed, none of the advertisements referenced in the Amended Complaint pertained to, or made any mention of, pot pie. Thus, to the extent that Plaintiff claims that her alleged personal injuries resulted from the consumption of pot pies, these alleged injuries cannot have resulted from any allegedly deceptive practices identified in the Amended Complaint.

Plaintiff further alleges that the allegedly deceptive June 2016 Commercial caused her alleged personal injuries. *See* Am. Compl. ¶¶ 12, 44. Plaintiff is wrong for at least three reasons.

**First,** alleging a cognizable injury under Sections 349 and 350 requires a "connection between the [alleged] misrepresentation and any harm from, or failure of, [KFC]'s product." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999). Plaintiff alleges no such connection here.

For Plaintiff's alleged personal injuries to be cognizable under Section 349, she would have to allege that she was deceived or misled about the effect of KFC's chicken on her health. *See Carias v. Monsanto Co.*, No. 15-CV-3677, 2016 WL 6803780, at *1, *10 (E.D.N.Y. Sept. 30, 2016) (holding that allegation of personal injury under Section 349 was cognizable where the "[a]llegedly misleading statement was that [a weed killer] is harmful to 'plants not people'"); *Pelman ex rel. Pelman v. McDonald's Corp.*, 452 F. Supp. 2d 320, 322-23, 326 (S.D.N.Y. 2006) (holding that the plaintiffs sufficiently alleged "physical injuries of weight gain, obesity, hypertension, and elevated levels of LDL cholesterol" caused by, *inter alia*, "the false impression that [the defendant's] food products were nutritionally beneficial and part of a healthy lifestyle if consumed daily"). However, Plaintiff does not allege that the June 2016 Commercial made ***any representation whatsoever*** about the effect of the bucket of chicken or side dishes on consumers' health. As such, Plaintiff fails to allege any connection between the representations or claims made in the commercial and her alleged personal injuries. This alone requires dismissal of Plaintiff's First and Second Causes of Action to the extent that they are based on the June 2016 Commercial. *See Small*, 94 N.Y.2d at 56 (dismissing Section 349 claim because the plaintiff failed to allege a connection between deception and injury); *Miller v. Wells Fargo Bank, N.A.*,

994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014) (dismissing Section 349 claim where the plaintiff "failed to plead how the[] allegedly deceptive acts or practices caused his alleged injury").

**Second,** Plaintiff also fails to allege that she suffered any cognizable damages based on her claims that she received less chicken than she believed she bargained for. *See Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-04697, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016). Indeed, this is "the very argument that the New York Court of Appeals [has] expressly rejected as a 'flawed deception as injury theory'—that is, 'that consumers who buy a product that they would not have purchased, absent a [defendant]'s deceptive commercial practices, have suffered an injury under [Section] 349.'" *Id*. (granting motion to dismiss Section 349 claim for failure to allege injury because the plaintiffs asserted "that they were financially injured after purchasing [the relevant product] and receiving less [of the product] than they believed they bargained for" (quoting *Small*, 94 N.Y.2d at 56)); *Small*, 94 N.Y.2d at 56 (granting motion to dismiss Section 349 claim because the plaintiffs alleged that they were injured because they purchased a product they would not have purchased if they had not been deceived). Based on this clear case law, the fact that Plaintiff allegedly received less chicken than she thought she bargained for is not a cognizable injury under the applicable statutes.

**Third,** Plaintiff fails to allege that the June 2016 Commercial was deceptive because the Amended Complaint's description of the commercial lacks even a ***conclusory*** allegation that it was materially misleading, let alone the requisite factual detail necessary to withstand a motion to dismiss. *See In re Sling Media Slingbox Advert. Litig.*, No. 15-cv-05388, 2016 WL 4401208, at *4 (S.D.N.Y. Aug. 12, 2016) ("The [complaint] . . . does not assert any affirmative statement made by [the defendant] related to [the practice at issue] that was deceptive or misleading. Plaintiffs have not stated a cause of action on this basis."); *Tomasino*, 44 F. Supp. 3d at 257

(dismissing Section 349 and 350 claims because the plaintiff failed to "provide factual allegations explaining *how* any specific advertising claims were false or misleading" (emphasis in original)).  Plaintiff's only allegations regarding the June 2016 advertisement are that it showed George Hamilton playing Colonel Sanders with the $20.00 bucket of extra crispy chicken with mashed potatoes, gravy, cole slaw, and biscuits.  Plaintiff makes no allegation that this advertisement contained any deceptive practice or false statement.  Therefore, Plaintiff fails to allege this element as well as any cognizable injury.

Accordingly, the First and Second Causes of Action should be dismissed to the extent that they are premised on the June 2016 Commercial.

**B.**     **Plaintiff Fails to Allege That the August 2016 Commercial Caused Her Injury or That It Was Deceptive**

With respect to the August 2016 Commercial, Plaintiff alleges "[t]hat upon information and belief, [KFC] delivered to [P]laintiff merchandise which was misleading and constituted a false and deceptive trade practice in that the [August 2016] advertisement on television showed a bucket overflowing with chicken and when [P]laintiff received the bucket of chicken there were only eight pieces of chicken in it," and that "[t]he August[] 2016 advertisement falsely stated that 'the meal could feed your whole family.'"  Am. Compl. ¶¶ 8, 40.  Plaintiff further alleges that the allegedly deceptive August 2016 Commercial caused her alleged personal injuries.  *See id*. ¶¶ 12, 44.  These allegations fail to state a claim under Sections 349 and 350, as explained below.

**First,** Plaintiff fails to allege that she was injured by a deceptive practice because she fails to allege a "connection between the [alleged] misrepresentation" in the August 2016 Commercial and her personal injuries.  *See Small*, 94 N.Y.2d at 56.  Plaintiff alleges that she was deceived as to the amount of chicken inside the bucket that she purchased, but fails to explain ***any nexus*** between this alleged deception and her alleged personal injuries.  Nor can she, as it

makes no sense to claim that ***she became sick because she did not receive enough chicken***. Plaintiff does not (and cannot) allege that any statement in the August 2016 Commercial related in any way to a consumer's health or safety.  As such, Plaintiff fails to adequately allege any cognizable injury which flowed from the statements made in the August 2016 Commercial.  *See Small*, 94 N.Y.2d at 56; *Miller*, 994 F. Supp. 2d at 558; *see also* Part I.A, *supra*.

**Second,** Plaintiff's claim that she was injured by the August 2016 Commercial fails for the additional reason that she does not allege that she saw the August 2016 Commercial prior to the Purchase, which she alleges occurred in July 2016 (*i.e.*, before the August 2016 Commercial aired).  *See* Am. Compl. ¶¶ 35, 40, 45-48.  Courts routinely dismiss Section 349 and Section 350 claims where, as here, a plaintiff fails to allege that she saw the allegedly deceptive advertising prior to purchasing the product.  *See Gale v. Int'l Bus. Machs. Corp.*, 9 A.D.3d 446, 447 (2d Dep't 2004) (affirming dismissal of Section 349 claim where the plaintiff did not allege "that he saw any of these statements before he purchased" the defendant's product); *In re MI Windows and Doors, Inc. Prods. Liability Litig.*, MDL No. 2333, 2013 WL 1363845, at *3 (D.S.C. Apr. 3, 2013) (granting motion to dismiss Section 349 claim where the complaint "fail[ed] to allege that [the plaintiff] ever saw . . . a deceptive advertisement").

**Third,** Plaintiff again fails to allege that she suffered any injury to the extent that she claims that she received less chicken than she believed she bargained for.  The law is clear that such an injury is not cognizable under Sections 349 and 350.  *See Izquierdo*, 2016 WL 6459832, at *7; *Small*, 94 N.Y.2d at 56; *see also* Part I.A, *supra*.

**Finally,** Plaintiff's allegations concerning the August 2016 Commercial fail to adequately allege a deceptive practice because they are "upon information and belief" and lack the requisite specificity and factual support in that they do not specify what KFC product was

advertised in the commercial or that Plaintiff purchased that particular product. Absent these

factual details, Plaintiff fails to allege how the August 2016 Commercial was misleading ***vis-à-***

***vis the Purchase***. In fact, although Plaintiff complains that "when [she] received the bucket of

chicken there were only eight pieces of chicken in it," she ***admits*** that she received exactly what

she paid for: an "eight piece bucket of chicken, along with "mashed potatoes, gravy[,] and cole

slaw," "pursuant to the terms and conditions therein." Am. Compl. ¶¶ 3-4, 8, 35-36, 40. Further,

Plaintiff alleges that August 2016 Commercial "falsely stated that 'the meal could feed your

whole family,'" but Plaintiff does ***not*** allege that the meal she purchased was insufficient to feed

her or her family or otherwise explain ***why*** the quoted statement was false or deceptive. *Id.* ¶¶ 8,

40. Accordingly, Plaintiff fails to plausibly allege that the August 2016 Commercial was

deceptive. *See Woods*, 2010 WL 4314313, at *15-16 (granting motion to dismiss Section 349

claim where the plaintiff's allegations were "upon information and belief" and did "not provide[]

enough factual information to plausibly" allege a deceptive practice); *Weaver*, 172 F.R.D. at 100

(same).

Accordingly, the First and Second Causes of Action should be dismissed to the extent

that they are premised on the August 2016 Commercial.

### C. Plaintiff Fails to Allege That the In-Store Advertisement Caused Her Injury or That It Was Deceptive

Plaintiff alleges that the unspecified In-Store Advertisement "was misleading because it

said 'fill up' for $20.00 and there was not enough chicken in the bucket to fill up the bucket,"

because KFC "should have used a smaller bucket for the amount of chicken that was in it," and

because "the bucket sold to [P]laintiff . . . contained way less chicken than was shown in the

advertisement." Am. Compl. ¶¶ 13-15, 45-47. Plaintiff further alleges that the allegedly

deceive In-Store Advertisement caused her alleged personal injuries. *Id.* ¶¶ 12, 44. These allegations fail to state a claim under Sections 349 and 350, as explained below.

**First,** Plaintiff yet again fails to allege that she was injured by a deceptive practice, because she does not allege that the In-Store Advertisement made any statement or representation as to the chicken's effect on her health. Plaintiff's gripe is that "the bucket sold to [her] . . . contained way less chicken than was shown in the advertisement." *Id.* ¶¶ 15, 47. However, there is no causal connection between this alleged deception and Plaintiff's alleged personal injuries. Accordingly, Plaintiff fails to allege a cognizable injury under Sections 349 and 350. *See Small*, 94 N.Y.2d at 56; *Miller*, 994 F. Supp. 2d at 558; *see also* Parts I.A, I.B, *supra*.

**Second,** Plaintiff's claim that she was injured by the In-Store Advertisement fails for the additional reason that she does not allege that she saw the advertisement prior to the Purchase. *See* Am. Compl. ¶¶ 13-16, 45-48. If Plaintiff did not see the advertisement prior to the Purchase, she could not have been misled by it. *See Gale*, 9 A.D.3d at 447; *In re MI Windows*, 2013 WL 1363845, at *3; *see also* Part I.B, *supra*.

**Third,** Plaintiff once again fails to allege that she suffered any injury to the extent that she claims that she received less chicken than she believed she bargained for. As explained in Parts I.A and I.B, *supra*, the New York Court of Appeals has "expressly rejected" this theory. *See Izquierdo*, 2016 WL 6459832, at *7; *accord Small*, 94 N.Y.2d at 56.

**Finally,** Plaintiff's allegations concerning the In-Store Advertisement lack the factual detail necessary to plead a deceptive practice. As was the case with Plaintiff's allegations concerning the August 2016 Commercial, Plaintiff fails to specify the product advertised in the In-Store Advertisement or that she purchased that product. Further, because Plaintiff fails to

allege what the quoted language ("fill up") refers to, she fails to explain how it was deceptive. *See* Am. Compl. ¶ 13, 45. This lack of specificity is fatal to Plaintiff's claim that the In-Store Advertisement was materially misleading. *See Woods*, 2010 WL 4314313, at \*15-16; *Weaver*, 172 F.R.D. at 100 (same).

Therefore, the First and Second Causes of Action should be dismissed to the extent that they are premised on the In-Store Advertisement.

**D.      Plaintiff Fails to Allege That the Bucket of Chicken Contained Nonfunctional Slack Fill That Caused Her Injury**

Plaintiff alleges, with no further explanation, that KFC engaged in a deceptive practice in violation of Sections 349 and 350 in that "[KFC]'s conduct" violated the Slack-Fill Regulation because the bucket of chicken she purchased was "under-filled." Am. Compl. ¶¶ 16, 20, 48, 52. Plaintiff further alleges that, as a result of KFC's purported violation of the Slack-Fill Regulation, she suffered personal injuries. *See id.* ¶¶ 12, 44.

"Under the federal Food, Drug, and Cosmetic Act . . . and its implementing regulations," a "container is misleading if its contents [1] cannot be fully viewed and [2] it contains 'nonfunctional slack fill.'" *Bautista v. CytoSport, Inc.*, No. 15-CV-9081, 2016 WL 7192109, at \*1 (S.D.N.Y. Dec. 12, 2016) (quoting 21 C.F.R. § 100.100). Because a violation of the Slack-Fill Regulation would only establish one element of a Section 349 or 350 claim (namely, that the bucket was "misleading in a material way"), in order to state a viable claim, Plaintiff must also allege the other two elements of a Section 349 or 350 claim, including that she "suffered injury as a result of the" nonfunctional slack fill. *See Stutman*, 95 N.Y.2d at 29. As explained below, Plaintiff fails to plausibly allege a violation of the Slack-Fill Regulation or that the alleged

violation caused her personal injuries, and therefore fails to allege a violation of Section 349 or 350.[7]

**First,** "meat and poultry products . . . are specifically excluded from application of the" Slack-Fill Regulation because they are regulated by statutes other than the Food, Drug, and Cosmetic Act. *Del Real, LLC v. Harris*, 966 F. Supp. 2d 1047, 1053 (E.D. Cal. 2013). Because Plaintiff's claim stems from her purchase of an eight-piece bucket of chicken, the Slack-Fill Regulation does not apply.

**Second,** Plaintiff fails to allege that she could not see the contents of the bucket of chicken at the time of the Purchase, or that the bucket was covered or sealed. This alone forecloses Plaintiff's slack-fill claim. *Cf. In re McCormick & Co., Inc., Pepper Prods. Mktg. and Sales Practices Litig.*, No. 15-1825, 2016 WL 6078250, at *2, *6 (D.D.C. Oct. 17, 2016) (allowing slack-fill claim to proceed where the plaintiff alleged that "[c]onsumers cannot see the amount of pepper inside . . . [the pepper] containers because the tins are not transparent and the grinders are covered on the top and side by a plastic seal and product label"); *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 405 n.7 (E.D.N.Y. 2010) (slack-fill claim survived motion to dismiss where a picture annexed to the complaint showed that the packaging at issue was a "cardboard box, which enclose[d] a dark brownish jar" and there was "no way to see inside the box, much less the jar enclosed within").

**Third,** Plaintiff fails to allege that the alleged slack-fill was nonfunctional. "Slack fill is nonfunctional, and therefore misleading, unless it exists for one of six reasons set forth in the regulation: i) the protection of the contents of the package; ii) the requirements of the machines used to enclose the contents in the package; iii) settling during shipping and handling; iv) the

---

[7] Under Sections 349 and 350, "if slack-fill passes muster under federal law, there is no state-law violation." *Izquierdo*, 2016 WL 6459832, at *3.

need for the package to perform a specific function; v) the food is packaged in a reusable container with empty space as part of the presentation of the food; or vi) inability to increase the fill level or reduce the package size because, for example, the size is necessary to accommodate food labeling requirements or discourage theft." *Bautista*, 2016 WL 7192109, at *1. The Amended Complaint is entirely bereft of allegations – conclusory or otherwise – that the purported slack-fill in the bucket of chicken that Plaintiff purchased was nonfunctional. Under these circumstances, courts have repeatedly dismissed slack-fill claims. *See id.* at *4 (granting motion to dismiss Section 349 claim based on the Slack-Fill Regulation where the plaintiff alleged that the slack-fill "was not used to protect [sic] product, necessary for enclosing the product, or because of settling" but "provide[d] no facts rendering that conclusion plausible"); *Bush v. Mondelez Int'l, Inc.*, No. 16-cv-02460, 2016 WL 5886886, at *4 (N.D. Cal. Oct. 7, 2016) (dismissing claims under California consumer-protection statutes premised on violation of the Slack-Fill Regulation where the plaintiff conclusorily alleged, "[a]fter reciting the six circumstances in which slack-fill is functional and not misleading . . . that 'none of these circumstances apply here'").[8]

**Finally,** even assuming that Plaintiff has alleged that KFC violated the Slack-Fill Regulation (she has not), she still fails to state a claim under Sections 349 and 350 because her personal injuries have no causal connection to the alleged slack fill at the top of the bucket of chicken that Plaintiff purchased. Indeed, the premise of Plaintiff's slack-fill theory is that she did not receive enough chicken to fill up the bucket, but Plaintiff alleges **no plausible explanation** for how this caused her alleged personal injuries. *See* Parts I.A-I.C.

---

[8] To the extent that Plaintiff alleges an independent violation of the Slack-Fill Regulation without reference to Sections 349 and 350, Plaintiff's claim fails because "[t]here is no private right of action under the [Food, Drug, and Cosmetic Act]." *Izquierdo*, 2016 WL 6459832, at *3. "Rather, the FDA enforces the FDCA and its regulations through administrative proceedings." *Id.*

For the foregoing reasons, the First and Second Causes of Action should be dismissed to the extent that they are premised on an alleged violation of the Slack-Fill Regulation.

POINT II

**PLAINTIFF OTHERWISE FAILS TO STATE A COGNIZABLE SECTION 349 OR 350 CLAIM (THIRD CAUSE OF ACTION)**

Plaintiff alleges the following in additional support of her Third Cause of Action, which is also based on an alleged violation of Sections 349 and 350: (i) "[KFC] buys chickens that are undersized and pumps steroids into baby chickens," causing them to mature more quickly than they otherwise would; (ii) "years ago," KFC's chickens were thirty to forty percent larger; (iii) "[i]f a chicken dies in the steroid process, chicken farmers sell the deceased which are ground up for feed"; (iv) "[w]hen a chicken business shuts down, the soil around the facility is considered toxic and has to be dug up by hazardous waste companies because of their toxicity"; (vi) when pulling up beside a chicken truck, chickens now appear "dead looking, like zombies, almost lifeless"; and (vii) that as a result, Plaintiff suffered from acid reflux and an upset stomach and her gall bladder was removed. Am. Compl. ¶¶ 64-72, 74. These allegations fail to state a claim under Sections 349 and 350.

To the extent that these allegations even specify KFC's participation,[9] they fail to state a claim under Sections 349 and 350 because Plaintiff provides no explanation of how KFC's purported practice of "pump[ing] steroids into baby chickens" deceived or misled her. Plaintiff fails to (and cannot) allege that the three advertisements on which she premises her Third Cause of Action,[10] or any other communication by KFC to consumers, make any reference whatsoever to the subject matter of any of the above allegations. Indeed, Plaintiff does not allege that KFC

---

[9] The allegations concerning unspecified chicken farmers, chicken businesses, and chicken trucks do not claim any wrongdoing on KFC's part.

[10] In support of her Third Cause of Action, Plaintiff repeats and realleges all prior allegations in the Amended Complaint. Am. Compl. ¶ 63.

- 20 -

advertised its chicken as "steroid-free" or otherwise led consumers to believe that its chickens were steroid-free, or that the advertisements contained *any representation whatsoever* about the contents, ingredients, or healthfulness of the chicken. Because Plaintiff does not allege any misleading statement or representation by KFC, or that she was otherwise led to believe that the chicken was steroid-free, there can be no deceptive practice or false advertising in violation of Section 349 or 350. *See Sling Media*, 2016 WL 4401208, at *4 ("The [complaint] . . . does not assert any affirmative statement made by [the defendant] related to [the practice at issue] that was deceptive or misleading. Plaintiffs have not stated a cause of action on this basis.").

In addition, to the extent that Plaintiff attempts to allege that the steroids cause KFC's chickens to appear deceptively large, such a claim is belied by the allegation that KFC's chickens *used to be* "at least 30%-40% *larger*" and that they *now* allegedly appear "dead looking, like zombies, almost lifeless." *Id.* ¶¶ 67, 71 (emphasis added). Such haphazard and contradictory allegations fail to plausibly allege that KFC engaged in a deceptive practice. *See Tomasino*, 44 F. Supp. 3d at 257 (dismissing Section 349 and 350 claims because the plaintiff failed to "provide factual allegations explaining *how* [the defendant's conduct was] false or misleading" (emphasis in original)); *Sling Media*, 2016 WL 4401208, at *4 (dismissing complaint for failure to allege a deceptive practice).

Accordingly, Plaintiff's Third Cause of Action should be dismissed.

## CONCLUSION

Accordingly, KFC respectfully requests that its motion to dismiss be granted in its entirety, together with such other and further relief as the Court deems just and proper. Further, KFC respectfully requests that the dismissal be with prejudice and that Plaintiff not be given yet another chance to think up a cause of action or a cognizable injury. Plaintiff has now had four opportunities to attempt to state a claim for relief by serving and/or filing four versions of her

complaint, and Plaintiff has had the benefit of KFC's two pre-motion letters and the Court's initial thoughts on the problems with earlier versions of the complaint at the January 18, 2017 pre-motion conference.  Thus, Plaintiff has had every opportunity to attempt the state of claim but has failed to do so.  It would therefore be unfair to allow her another chance to state a claim.

Dated: New York, New York
     March 21, 2017

**REED SMITH LLP**

By: _/s/ Peter D. Raymond_____
     Peter D. Raymond
     Matthew C. Anderson
     599 Lexington Avenue
     New York, New York 10022
     Tel.: (212) 521-5400
     Fax: (212) 521-5450

*Attorneys for Defendant*
*KFC Corporation*