**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **ANNA WURTZBURGER,** | **Civ. No.  1:16-cv-08186** |
| **Plaintiff,** | |
| **vs.** | |
| **KENTUCKY FRIED CHICKEN,** | |
| **Defendant.** | |

**REPLY MEMORANDUM OF LAW OF DEFENDANT KFC CORPORATION**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**

**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Defendant*
*KFC Corporation*

KFC[1] respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss Plaintiff's Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

KFC's Moving Brief exposes the fatal flaws in each of Plaintiff's three General Business Law Section 349 and 350 claims, which arise from alleged financial losses and personal injuries that she claims to have suffered after purchasing and eating a meal containing "an eight piece bucket of chicken" and "mashed potatoes, gravy[,] and cole slaw," which she purchased for twenty dollars ($20.00) from a KFC outlet.  In her opposing papers, which consist of a single affirmation signed by her attorney, Plaintiff ***completely ignores*** KFC's arguments, does not distinguish KFC's cited cases, and cites no legal authority supporting the substance of her claims.  Instead, Plaintiff states, with no detail or explanation, her conclusions that KFC's motion is "frivolous," that the "Amended Complaint . . . states several valid causes of action," and that KFC "has failed to demonstrate that the [Amended] [C]omplaint should be dismissed. . . ." Affirmation in Opposition to Motion to Dismiss ("Opposition" or "Opp.") ¶¶ 3, 5, 10, 12.[2] Because KFC's Moving Brief sets forth multiple bases requiring dismissal of the Amended Complaint, and because Plaintiff has abandoned her claims by failing to address KFC's arguments, let alone refute them, the Amended Complaint should be dismissed with prejudice.[3]

---

[1] Capitalized terms and abbreviations not otherwise defined herein have the same meaning ascribed to them in the Memorandum of Law of Defendant KFC Corporation in Support of Motion to Dismiss, dated March 21, 2017 ("Moving Brief" or "Mov. Br.").

[2] Plaintiff's Opposition also parrots the Amended Complaint's putative class allegations.  Opp. ¶¶ 6-9.  However, as explained in KFC's Moving Brief, KFC's motion to dismiss is directed only at the merits of Plaintiff's claims and does not address the class allegations.  *See* Mov. Br. at 1 n.1.

[3] KFC also notes that Plaintiff failed to timely serve her Opposition on April 21, 2017, as required by the Court's order dated January 19, 2017.  Rather than personally deliver or email her Opposition on the April 21 due date, Plaintiff elected to mail her Opposition to KFC on April 21.  Pursuant to Federal Rule of Civil Procedure 5(d),

## <u>ARGUMENT</u>

## PLAINTIFF ABANDONED HER CLAIMS BY FAILING TO RESPOND TO THE ARGUMENTS RAISED IN KFC'S MOVING BRIEF

KFC's Moving Brief addresses Plaintiff's allegations that KFC engaged in deceptive practices in violation of Sections 349 and 350 and cites cases holding that Plaintiff's allegations are insufficient to state a claim upon which relief can be granted.  As set forth herein, because Plaintiff has failed to respond to KFC's arguments or to cite any legal authority in opposition to the cases cited in KFC's Moving Brief, Plaintiff has abandoned her claims and the Amended Complaint should be dismissed.  *See, e.g.*, *Yencho v. Chase Home Fin., LLC*, No. 14-CV-230, 2015 WL 127721, at *2 (Jan. 8, 2015) (Romàn, J.) ("Plaintiffs' opposition brief does not contest these grounds for dismissal.  That omission is fatal.  The FDCPA claim is dismissed.").

### A.  KFC'S MOVING BRIEF SETS FORTH THE GROUNDS FOR DISMISSAL OF EACH OF PLAINTIFF'S CLAIMS

KFC's Moving Brief explains why each of Plaintiff's three claims should be dismissed. For the Court's reference and convenience, KFC briefly summarizes below the arguments set forth in KFC's Moving Brief.

### 1.  Plaintiff's First and Second Causes of Action Fail to Allege a Section 349 or 350 Claim Based Upon KFC's Advertisements or the Slack-Fill Regulation

Plaintiff's First and Second Causes of Action – which are premised on allegations that the June 2016 Commercial, the August 2016 Commercial, and the In-Store Advertisement were deceptive, and that the bucket of chicken that Plaintiff purchased was misleading because it

---

Plaintiff was required to serve her Opposition three (3) days before the April 21 due date since she chose to serve it by regular mail.  She failed to do so.  As a result, KFC did not receive Plaintiff's Opposition until April 25, 2017. "The Court has discretion to disregard late-filed papers."  *Distefano v. Law Offices of Barbara H. Katsos, P.C.*, No. 10-MC-0564, 2011 WL 2446318, at *2 (E.D.N.Y. June 15, 2011); *accord Shark v. City of N.Y.*, No. 11-CV-05350, 2012 WL 6569947, at *2 (E.D.N.Y. Dec. 17, 2012).  That would be justified here, as Plaintiff's Opposition offers no explanation for her failure to serve KFC on April 21.

contained nonfunctional slack-fill in violation of the Slack-Fill Regulation – fail to allege a cognizable injury or a deceptive practice.  *See* Mov. Br. at 9-20.

 **First,** Plaintiff fails to allege that she was injured by a deceptive practice and/or false advertisement because no connection, causal or otherwise, exists between Plaintiff's alleged personal injuries of various illnesses and the alleged deception as to the fullness of the bucket of chicken Plaintiff purchased.  *See id.* at 11-12, 13-14, 16, 19.  Further, Plaintiff cannot allege that she was injured because she would not have made the Purchase absent KFC's allegedly misleading practices, as the New York Court of Appeals has explicitly rejected this theory of injury.  *See id.* at 12, 14, 16.  Finally, Plaintiff fails to allege that the August 2016 Commercial or the In-Store Advertisement caused her injury because she does not allege that she saw either advertisement prior to the Purchase.  *See id.* at 14, 16.

 **Second,** Plaintiff fails to allege a deceptive practice and/or false advertising because the Amended Complaint lacks sufficient factual detail explaining how the June 2016 Commercial, the August 2016 Commercial, or the In-Store Advertisement were deceptive or misleading.  *See id.* at 12-13, 14-15, 16-17.

 **Finally,** Plaintiff fails to adequately allege that KFC engaged in deceptive practices and/or false advertising based on a violation of the Slack-Fill Regulation because (i) the Slack-Fill Regulation does not apply to poultry products; (ii) Plaintiff does not allege that she could not see the contents of the bucket of chicken when she made the Purchase; and (iii) Plaintiff fails to allege that the alleged slack-fill was nonfunctional (*i.e.*, that the Slack-Fill Regulation's six safe harbors are inapplicable).  *See id.* at 17-19.

> **2. Plaintiff's Third Cause of Action Fails to Allege a Section 349 or 350 Claim Because Plaintiff Fails to Allege That KFC Engaged in a Deceptive or Misleading Practice**

Plaintiff's Third Cause of Action fails to allege that KFC's purported practice of "pump[ing] steroids into baby chickens" was deceptive or misleading. *See* Am. Compl. ¶ 64; Mov. Br. at 20-21. Indeed, Plaintiff fails to allege that KFC released any advertisement or made any other communication to consumers indicating that its chicken is "steroid-free," or that KFC made any representation whatsoever about the contents, ingredients, or healthfulness of its chicken. *See* Mov. Br. at 20-21. Nor does Plaintiff allege that she made the Purchase under the belief that KFC's chicken did not contain steroids or because she believed that the chicken contained or did not contain any particular ingredient. Absent any allegation that she was misled as to the contents or ingredients of the chicken, Plaintiff fails to allege a deceptive practice or false advertising in violation of Section 349 or 350. *See id.*; *see also In re Sling Media Slingbox Advert. Litig.*, 202 F. Supp. 3d 352, 359 (S.D.N.Y. Aug. 12, 2016) (granting motion to dismiss Section 349 claim because the complaint did "not assert any affirmative statement made by [the defendant] related to [the practice at issue] that was deceptive or misleading" or allege "that, at the time of the purchase, [the plaintiffs]" had any expectations concerning the practice at issue).

> **B. PLAINTIFF'S FAILURE TO RESPOND TO THE ARGUMENTS IN KFC'S MOVING BRIEF IS FATAL TO HER AMENDED COMPLAINT**

Plaintiff's Opposition fails to address any of the arguments summarized above and set forth in detail in KFC's Moving Brief, and this failure is fatal to her Amended Complaint. A "[p]laintiff's failure to respond to contentions raised in a motion to dismiss . . . constitutes an abandonment of those claims." *Purdie v. Brown*, No. 14 Civ. 8490, 2015 WL 6741875, at *8 (S.D.N.Y. Nov. 3, 2015) (Román, J.) (granting unopposed request made in motion to dismiss to strike punitive damages claim); *Yencho*, 2015 WL 127721, at *2 (granting motion to dismiss

abandoned FDCPA claim); *30 Clinton Place Owners Inc. v. City of New Rochelle*, No. 13 CV 3793, 2014 WL 890482, at *1 n.1 (S.D.N.Y. Feb. 27, 2014) ("[P]laintiffs' opposition brief does not respond to the . . . [d]efendants' arguments to dismiss [certain] claims; accordingly, the Court deems those claims abandoned."). Accordingly, Plaintiff has abandoned her claims, and KFC's motion to dismiss should be granted in its entirety.

<u>**CONCLUSION**</u>

For the foregoing reasons, and those set forth in KFC's Moving Brief, KFC respectfully requests that the Court grant its motion to dismiss and dismiss the Amended Complaint in its entirety, with prejudice, along with such other and further relief as the Court deems just, proper, and equitable.

Dated: New York, New York
        May 8, 2017

                              **REED SMITH LLP**


                              By: _/s/ Peter D. Raymond_____
                                     Peter D. Raymond
                                     Matthew C. Anderson
                                     599 Lexington Avenue
                                     New York, New York 10022
                                     Tel.: (212) 521-5400
                                     Fax: (212) 521-5450

                                     *Attorneys for Defendant*
                                     *KFC Corporation*