USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/13/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNA WURTZBURGER on behalf of
herself and all others similarly situated,

                      Plaintiff(s),

  -against-

KENTUCKY FRIED CHICKEN,

                      Defendant.
----------------------------------------------------------------X

16-cv-08186 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Anna Wurtzburger ("Plaintiff" or "Wurtzburger"), on behalf of herself and all those similarly situated, commenced the instant action against Kentucky Fried Chicken[1] ("Defendant" or "KFC") seeking monetary damages for alleged violations of New York State statutes.[2] Plaintiff asserts causes of action against Defendant sounding in deceptive advertisements and practices in violation of General Business Law §§ 349 ("GBL § 349"), 350 ("GBL § 350"), and 21 C.F.R. § 100.100 . Defendant now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's complaint ("Complaint") for failure to state a claim upon which relief may be granted. Defendant asserts that Plaintiff's claims are meritless, that its labels and advertisements are not materially misleading as a matter of law, and that Plaintiff fails to adequately allege causation and injury. For the following reasons, Defendant's motion to dismiss the complaint is GRANTED.

---

[1] Defendant indicates that its proper name is KFC, not Kentucky Fried Chicken as referred to by Plaintiff in the Complaint. (Defendant's Mem. of Law in Supp. of Mot. to Dismiss at 1, n.1.)

[2] It is well established that an amended complaint generally supersedes the original complaint. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Thus, the operative complaint is the Amended Complaint (Docket No. 9) filed on February 15, 2017.

## PLAINTIFF'S COMPLAINT

Plaintiff, a New York State resident, alleges that Defendant engages in a national and local advertising campaign that misleads consumers into believing that Defendant's food packaging—buckets of chicken—are filled to the rim. (*See e.g.*, Compl. ¶¶ 8, 13.) Defendant KFC is a corporation organized under the laws of the State of Delaware (Defendant's R. 7.1 Corp. Disc. Statement 1), which operates national fast food restaurants specializing in fried chicken. Plaintiff asserts three causes of action stemming from the same core set of facts. Plaintiff alleges that from June 2016 through August 2016, she made multiple food purchases at Defendant's Hopewell Junction restaurant located in Dutchess County, New York, which included a $20.00 "fill-up" bucket meal of chicken that was advertised as consisting of "an eight piece bucket of chicken." (Compl. ¶¶ 3, 12, 13.) Plaintiff relied upon Defendant's commercial in making the purchase. (*Id.* ¶ 11.) Defendant's advertisement was purportedly misleading because it "stated that the meal could feed your whole family," (*Id.* ¶ 8) and "defendant should have used a smaller bucket for the amount of chicken [(eight pieces)] that was in it" (*Id.* ¶ 14) because the advertisement displayed a bucket overflowing with chicken.

As a result of the false and misleading advertisement, Plaintiff was injured in that "[h]er stomach was upset with acid reflux and her gall bladder was removed and she had pain in her stomach and later found out the [KFC] chickens were injected with hormones."[3] This happened to Plaintiff every time she ate the chicken which occurred "[o]nce per week in June, 2016 [and] July, 2016." (*Id.* ¶ 12.) In August 2016, she purchased a pot pie[4] from Defendant which also

---

[3] Plaintiff does not allege that Defendant made any false or misleading representation regarding the injection of hormones into the chickens, only that after eating the chicken she later learned that KFC purportedly injects its chicken.

[4] Plaintiff makes no allegation of false or misleading representation concerning KFC's pot pie.

2

made her sick. (*Id.*)

In essence, Plaintiff alleges that Defendant's advertisement prompted her to purchase chicken and a pot pie from June 2016 through August 2016 and that she paid $20.00 for an eight piece chicken meal which was packaged in a bucket that was larger than necessary. (*See* Compl. ¶ 14.) Further, unlike the advertisement, the chicken was not overflowing in its container. (*Id.* ¶ 8.) Had Defendant used a smaller bucket, she alleges, the eight piece chicken meal would have more closely resembled the bucket of chicken as depicted in the advertisement. (*See id.* ¶ 16.) Alternatively, Plaintiff suggests, despite purchasing an eight piece chicken meal, that Defendant should have filled the bucket up to the rim so she would have received more chicken—more than the eight pieces she bargained for. (*See id.* ¶ 13, 15.) As to the alleged injuries, Plaintiff does not reference any monetary damages but indicates she suffered personal injuries as a result of eating Defendant's food. (*Id.* ¶ 12.)

## MOTION TO DISMISS STANDARDS

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### I. GENERAL BUSINESS LAW § 349 AND § 350

New York law proscribes "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state." GBL § 349(a). To state a claim pursuant to GBL§ 349, a plaintiff must allege: (1) that the defendant's acts were consumer oriented; (2) that the acts or practices are "deceptive or misleading in a material way,"; and (3) that the plaintiff has been injured as a result. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995); *accord Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *City of New York v. Smokes-Spirits.com, Inc.*, 12 N.Y.3d 616, 621, 883 N.Y.S.2d 772, 911 N.E.2d 834 (2009); *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324, 746 N.Y.S.2d 858, 774 N.E.2d 1190 (2002).

A claim of false advertising under GBL § 350 must meet all of the same elements as a claim under GBL § 349. *Goshen*, 98 N.Y.2d at 324 n.1; *See also Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 310 n.2 (S.D.N.Y. 2017). Bare recitation of the elements of a cause of action under GBL §§ 349 and 350, meaning mere conclusory statements, is insufficient to rise to the level of a plausible claim. *See Roth v. CitiMortgage Inc.*, 12-CV-2446 (SJF) (WDW), 2013 WL 5205775, at *12 (E.D.N.Y. Sept. 11, 2013), *aff'd*, 756 F.3d 178 (2d Cir. 2014).

Defendant contends that the Complaint fails to assert a plausible claim because the

4

allegations are based on mere conclusory statements, and the allegations do not meet the requisite showing for the second and third elements of each GBL claim. Specifically, Defendant asserts Plaintiff failed to properly allege causation and injury. Lastly, Defendant asserts the advertisements were not misleading as a matter of law.

### A. Materially Deceptive or Misleading Practices

The New York Court of Appeals established an objective standard for determining whether acts or practices are materially deceptive or misleading "to a reasonable consumer acting reasonably under the circumstances." *Oswego*, 85 N.Y.2d at 26. Courts "view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Delgado v. Ocwen Loan Servicing, LLC*, 13–CV–4427 (NGG) (RML), 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 24, 2014) (citation and quotation marks omitted). "The entire mosaic" is "viewed rather than each tile separately." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 2007 WL 1138879, at *4 (S.D.N.Y. Apr. 16, 2007) (citation omitted). The "issue may be a question of law or of fact as individual cases require." *Delgado*, 2014 WL 4773991, at *8 (citing *Oswego*, 85 N.Y.2d at 26 (1995)).

Drawing all reasonable inferences in Plaintiff's favor, the Complaint fails to allege a plausible claim upon which relief may be granted. The Complaint asserts that the food packaging (the bucket) was deceptive because Plaintiff believed she would receive more chicken. Such a contention, however, is inconsistent with Plaintiff's other allegations and lacks reason. Plaintiff affirmatively states she purchased an eight piece chicken meal. (Compl. ¶ 3.) She does not claim she received less than eight pieces. To the contrary, the alleged deceptive act is that she expected KFC to deliver a bucket of chicken filled to the rim, in excess of the number of pieces she purchased, because the bucket could accommodate more than the eight pieces. Such a practice—

the use of a larger than necessary bucket—is not materially deceptive or misleading "to a reasonable consumer acting reasonably under the circumstances," Oswego, 85 N.Y.2d at 26, especially when the consumer ordered, purchased, and received the precise number of items requested. Nor is it misleading, as defined by statute, that Defendant could have or should have used a smaller bucket for the amount of food packaged or provided. In a similar case, this Court found that the use of nearly identical boxes to package spaghetti pasta made from various grains and of various weights cannot be deemed misleading under GBL § 349 where the manufacturer clearly and unambiguously provides notice (e.g., a disclaimer) of the contents of the package to the consumer. *Stewart v. Riviani Foods, Inc.*, 16-CV-6157 (NSR), 2017 WL 4045952, at *10 (S.D.N.Y. Sept. 11, 2017).

Similarly, Plaintiff's contention that KFC's use of the phrase "the meal could feed your whole family" is misleading, is without merit. Such an assertion is wholly conclusory. Plaintiff fails to indicate how the phrase is deceptive or misleading other than to deem it so.

### B. Causation and Injury

In addition to alleging the practice and advertising are materially misleading, Plaintiff also must properly allege actual injury caused by Defendant's conduct. Defendant asserts that Plaintiff fails to plead a causal connection between the alleged misleading practice or statement(s), and the injuries purportedly suffered. To properly allege causation, a plaintiff must state in her complaint that she was aware of the practice or heard the misleading statements of which she complains before she came into possession of the products she purchased. *See Rapcinsky v. Skinnygirl Cocktails, L.L.C.*, 11-CV-6546 (JPO), 2013 WL 93636, at *6 n.3 (S.D.N.Y. Jan. 9, 2013) (citing *Gale v. Int'l Bus. Machs. Corp.*, 9 A.D.3d 446, 447, 781 N.Y.S.2d 45 (2d Dept. 2004)). If Plaintiff did not see the advertisement or was aware of the

6

practice beforehand, she could not have been injured by them. *See Douyon v. N.Y. Med. Health Care, P.C.*, 894 F. Supp. 2d 245, 263 (E.D.N.Y. 2012) (citing *Gale*, 9 A.D.3d at 447).

Here, Plaintiff describes the allegedly misleading advertising and practice, then alleges that Defendant's conduct caused her to suffer injuries. The reasonable inference to be drawn from these allegations, *see Iqbal*, 556 U.S. at 678, is that Plaintiff saw Defendant's advertisement, became aware of the Defendant's packaging practice, and was deceived into purchasing the products in question. Accordingly, causation is sufficiently pled.

With respect to allegations of injury suffered, the Complaint appears to suggest that had Plaintiff not seen the advertisement, relied on its content, purchased and eaten the chicken, along with the pot pie, she would not have suffered any personal injury. To recover under GBL §§ 349 and 350, Plaintiffs must allege and prove "actual injury," although not necessarily pecuniary harm. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000); *Oswego*, 85 N.Y. at 26; *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598, 599, 741 N.Y.S.2d 100 (2nd Dept. 2002). "[T]he gravamen of the complaint must be consumer injury or harm to the public interest." *City of New York v. Cyco.Net, Inc.*, 383 F. Supp. 2d 526, 563 (S.D.N.Y. 2005) (quoting *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n.6 (S.D.N.Y.1988)); *see also Feinberg v. Federated Dep't Stores, Inc.*, 832 N.Y.S.2d 760, 15 Misc. 3d 299 (N.Y. Sup. Ct. 2007). Injuries such as paying a premium for the misleading product or setting an inflated price tag as a result of the defendant's deception, have been deemed recoverable under the statutes. *See Ackerman v. Coca-Cola Co.*, 09-CV-0395 (JG), 2010 WL 2925955, at *23 (E.D.N.Y. July 21, 2010) (citing *Jernow v. Wendy's Int'l Inc.*, 07-CV-3971 (LTS) (THK), 2007 WL 4116241, at *3 (S.D.N.Y. Nov. 15, 2007).

Here Plaintiff merely alleges personal injuries, acid reflux, and nothing more. Such

7

allegations are insufficient and fall short of the injury sought to be addressed by the statutes. Accordingly, Plaintiff has failed to adequately assert a claim under GBL §§ 349 and 350.

### C. 21 C.F.R. § 100.100

The federal Food, Drug, and Cosmetic Act ("FDCA") and its implementing regulations, *e.g.*, 21 C.F.R. § 100.100, created the federal framework governing branding on containers. *Bimont Unilever U.S., Inc.*, 14–CV–7749 (JPO), 2015 WL 5256988, at * 4 (S.D.N.Y. Sept. 9, 2015); *Bautista v. CytoSport*, 223 F. Supp. 3d 182, 186 (S.D.N.Y. 2016); *Izquierdo v. Mondelez*, 16-CV-04697 (CM), 2016 WL 6459832, at *3 (S.D.N.Y. October 26, 2016). Under the regulation, a food is misbranded "[i]f its container is so made, formed, or filled as to be misleading." 21 C.F.R. § 100.100. A container is misleading if its contents cannot be fully viewed and it contains "nonfunctional slack-fill." *Id.* The regulation defines "slack-fill" as "the difference between the actual capacity of a container and the volume of product contained therein." 21 C.F.R. § 100.100(a). The regulation specifically proscribes non-functional slack-fill. Slack-fill is non-functional if it is not used for an enumerated purpose. 21 C.F.R. § 100.100(a)(1)–(6).

Although there is no private right of action under the FDCA, *Izquierdo*, 2016 WL 6459832, at *3, New York law provides remedies and a private right of action for misbranding food under GBL § 349, which has been interpreted to encompass claims of excessive slack-fill. *Id*; *Bautista*, 223 F. Supp. 3d at 189. Unlike 21 C.F.R. § 100.100, the GBL does not contain safe harbors for functional slack-fill. However, the GBL makes it a "complete defense that the act or practice is . . . subject to and complies with the rules and regulations of, and the statutes administered by, . . . any official . . . agency of the United States as such rules, regulations or statutes are interpreted by . . . the federal courts." GBL § 349(d). "Therefore, if slack-fill passes

muster under federal law, there is no state-law violation." *Buatista*, 223 F. Supp. 3d at 189.

Plaintiff claims that KFC violated the prohibition against non-functional slack-filling. (Compl. ¶¶ 20, 52.) Drawing all reasonable inferences in Plaintiff's favor, the Complaint fails to allege a plausible claim upon which relief may be granted. The Complaint simply asserts that the bucket of chicken Plaintiff purchased could hold more chicken than the eight-pieces Plaintiff bargained for. Such an allegation is insufficient to state a claim for non-functional slack-filling. Plaintiff never provides factual support for the proposition that KFC used non-functional, and therefore misleading, slack-filling in their buckets. At a minimum, Plaintiff needed to allege facts that KFC used slack-filling in a manner outside of the enumerated permissible uses under 21 C.F.R. § 100.100(a) (1)–(6). Plaintiff failed to provide such support, and as a result fails to state a claim upon which relief may be granted.

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss the Complaint is GRANTED in its entirety.[5] The Clerk of Court is respectfully directed to terminate the motion (Doc. No. 13) and to terminate the case. This constitutes the Court's Opinion and Order.

Dated: December 13, 2017　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[5] To the extent Plaintiff intended to assert a common law claim sounding in negligent food preparation, food poisoning, she fails to indicate in what manner Defendant was negligent in the preparation of the food such that it caused her to have "acid reflux" or caused the removal of her gall bladder. Acid reflux is a common condition that features a burning pain, known as heartburn, in the lower chest area. See Michael F. Picco, M.D., *Acid Reflux and GERD: The same thing?*, Mayo Clinic (December 8, 2017), https://www.mayoclinic.org/diseases-conditions/heartburn/expert-answers/heartburn-gerd/faq-20057894. It typically occurs when stomach acid flows back up into the food pipe. *Id.*